NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

DIG AGAVE CENTER LLC, *Plaintiff/Appellee*,

*v.*

PACIFIC FINANCIAL GROUP LLC, et al., *Defendants/Appellants*.

No. 1 CA-CV 17-0295
FILED 3-22-2018

---

Appeal from the Superior Court in Maricopa County
No. CV2015-050433
The Honorable Susan M. Brnovich, Judge

**AFFIRMED**

---

COUNSEL

Buchalter PC, Scottsdale
By Nancy K. Swift
*Counsel for Plaintiff/Appellee*

William R. Mettler, Jr., Attorney at Law, Scottsdale
By William R. Mettler, Jr.
*Counsel for Defendants/Appellants*

_____

## MEMORANDUM DECISION

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Maria Elena Cruz and Chief Judge Samuel A. Thumma joined.

_____

**B R O W N**, Judge:

¶1          In this appeal we review the superior court's ruling, on cross-motions for summary judgment, regarding the enforceability of a late fee provision in a commercial lease guaranty.  Finding no error, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2          Pacific Financial Group, LLC ("Tenant") entered into a commercial lease (the "Lease") with Agave Property Center, LLC in 2012. Ken Schenter and Todd Bure ("Guarantors") personally guaranteed the Lease through December 31, 2014 (the "Guaranty").

¶3          Agave Property Center, LLC assigned the Lease to Dig Agave Center, LLC ("Landlord") in 2014, and Pacific defaulted later that year. Landlord sued Tenant and Guarantors (collectively "Defendants") for breach of the Lease and the Guaranty.  After briefing and oral argument on cross-motions for summary judgment, the superior court entered summary judgment against Guarantors in the amount of $57,726.44, which included $30,500 in late fees assessed under Article 25.6 of the Lease:

> Tenant acknowledges that, in addition to interest costs, the late payment by Tenant to Landlord of any Rent will cause Landlord to incur costs not contemplated by this Lease, the exact amount of such costs being extremely difficult and impractical to fix.  Such other costs include, without limitation, processing, administrative and accounting charges and late charges that may be imposed on Landlord by the terms of any mortgage, deed of trust or related loan documents encumbering the Premises.  Accordingly, if any payment of Rent is not received by Landlord within three (3) days of the date upon which such payment is due, Tenant shall pay to Landlord as a late charge an additional sum equal to the greater of (a) $250.00 per day overdue or (b) five percent (5%) of the overdue amount.  The parties agree that such late

charge represents a fair and reasonable estimate of the costs that Landlord will incur by reason of any late payment by Tenant, and the payment of late charges and interest are distinct and separate in that the payment of a late charge is to compensate Landlord as a result of Tenant's delinquent payments.

Additionally, the court found Defendants jointly and severally liable for "reasonable attorneys' fees" in the amount of $29,431.50 under Arizona Revised Statutes ("A.R.S.") section 12-341.01. Defendants timely appealed following the entry of final judgment.

## DISCUSSION

¶4        The only issue raised in this appeal is whether the late fee provision quoted above is enforceable against Guarantors.[1] Generally, contracting parties may agree to liquidated damages in a contract. *Dobson Bay Club II DD, LLC v. La Sonrisa de Siena, LLC*, 242 Ariz. 108, 110, ¶ 8 (2017). But courts will not enforce such provisions as a matter of public policy if they provide for an unreasonably large amount of liquidated damages. *Id.* at ¶ 9. We review *de novo* whether a liquidated damages clause is enforceable and whether summary judgment on this issue was proper. *Id.* at 111, ¶ 18; *Dreamland Villa Cmty. Club, Inc. v. Raimey*, 224 Ariz. 42, 46, ¶ 16 (App. 2010).

### A.        Enforceability of Late Fee Provision

¶5        Defendants first contend summary judgment was improper because Landlord presented "no facts upon which to determine what [its] anticipated damages were upon the execution [of] the lease, or what [its] actual administrative costs were resulting from this breach." But Defendants bore the burden to show the late fee provision imposed an unenforceable penalty. *Dobson Bay*, 242 Ariz. at 112, ¶ 17. They presented no such evidence. Indeed, the only evidence they offered in briefing before the superior court related to a security deposit that is not at issue in this appeal. Accordingly, Defendants failed to meet their burden to show that, on this record, material issues of disputed fact meant the superior court

---

[1]        Although Tenant is an appellant, it does not allege any issues other than the enforceability of the $30,500 late fee award, which only concerns the liability of the Guarantors. As such, we do not separately review the portion of summary judgment entered against Tenant.

could not enter summary judgment for Landlord regarding the enforceability of the late fee provision. *See* Ariz. R. Civ. P. 56(e).

¶6 Defendants next contend the late fee provision was unreasonable because it may have compensated Landlord for costs that never materialized. A liquidated damages provision is reasonable if "it approximates either the loss anticipated at the time of contract creation (despite any actual loss) or the loss that actually resulted (despite what the parties might have anticipated in other circumstances)." *Dobson Bay*, 242 Ariz. at 111, ¶ 14.

¶7 The late fee provision was, by its terms, designed to compensate for "costs not contemplated by th[e] Lease," including "processing, administrative and accounting charges and late charges that may be imposed on Landlord by the terms of any mortgage, deed of trust or related loan documents encumbering the Premises." It also reflected the parties' agreement that the late fees "represent[ed] a fair and reasonable estimate of the costs that Landlord will incur by reason of any late payment by Tenant." Defendants presented no evidence to show the $250 per day late fee did not reasonably reflect Landlord's estimated damages at the time the parties agreed to enter the Lease and Guaranty. *See Roscoe-Gill v. Newman*, 188 Ariz. 483, 485 (App. 1996) ("The primary purpose of contractual liquidated damage provisions is to avoid the parties having to litigate, and courts or juries having to decide, what would be a fair and reasonable damage award in the event of a breach.").

¶8 Finally, Defendants contend the late fee provision was redundant because Landlord could recover costs, interest, and attorneys' fees under other Lease provisions, citing *Dobson Bay*, 242 Ariz. at 113, ¶ 25. Unlike the provision at issue in *Dobson Bay*, the late fee provision here expressly states that "the payment of late charges and interest are distinct and separate in that the payment of a late charge is to compensate Landlord for Landlord's processing, administrative and other costs incurred . . . as a result of Tenant's delinquent payments." *See Dobson Bay*, 242 Ariz. at 112-13, ¶¶ 16, 25 (explaining the loss categories identified in the late fee clause were covered by other parts of the loan documents that provided for recovery of collection costs, attorneys' fees, trustee's fees and costs, and interest in connection with a late payment). Again, Defendants presented no evidence to refute this language or show any actual or potential overlap between the late fee provision and any other Lease provision.

¶9 For these reasons, the superior court did not err in granting summary judgment in favor of Landlord. *See Mining Inv. Group, LLC v.*

4

*Roberts*, 217 Ariz. 635, 640, ¶ 20 (App. 2008) ("When liquidated damages are specified in a contract, the terms of the contract generally control." (quoting *Roscoe-Gill,* 188 Ariz. at 485)); *Grubb & Ellis Mgmt. Services, Inc. v. 407417 B.C., L.L.C.*, 213 Ariz. 83, 86, ¶ 12 (App. 2006) (stating general principle that, "when parties bind themselves by a lawful contract the terms of which are clear and unambiguous, a court must give effect to the contract as written").

### B.      Attorneys' Fees on Appeal

**¶10**          Both Defendants and Landlord request an award of attorneys' fees and costs incurred in this appeal, including pursuant to A.R.S. § 12-341.01.  Because Defendants are not the successful parties, their request is denied.  As to Landlord, because the superior court awarded attorneys' fees under § 12-341.01, and Landlord requests fees under that authority gain on appeal, in our discretion we award Landlord reasonable attorneys' fees and taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

### CONCLUSION

**¶11**          The superior court's judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA